RALEIGH-WYOMING MINING COMPANY *v.* WORKMEN'S COMPENSATION APPEAL BOARD *et al.*

(No. 8375)

Submitted April 7, 1936. Decided April 28, 1936.

*File, File & Scherer*, for appellant.

*J. Howard Hundley*, for respondent Wesley McCormick.

WOODS, JUDGE:

The Raleigh-Wyoming Mining Company prosecutes this appeal from an order, entered on the 26th day of October, 1935, by Workmen's Compensation Appeal Board, created by chapter 78, Acts 1935, remanding the claim of Wesley McCormick to the State Compensation Commissioner "for the taking of such other, further or additional evidence, pertinent to the issue, as either party may offer."

Wesley McCormick claims to have been struck in the left eye by a piece of coal, on January 19, 1928. The alleged injury was promptly reported; and on March 9, 1928, a check for $41.81 was issued in favor of claimant, paying him for loss of time for 2-6/7 weeks, i. e., to February 15, 1928, under authority of Section 31 (a), chapter 15P, Code 1923. An inspector was thereafter placed on the claim. The record reveals that the commissioner made a finding (although copy of same is missing) sometime after August 24, 1928; that the Commission, created by section 57, chapter 68, Acts 1925, to review awards of the commissioner, by its order of September 10, 1928, upheld the commissioner's finding; and that this Court twice refused an appeal from the Commission's action. By letter of December 3, 1928, the Commission, through its secretary, advised the com-

missioner that two of its number had reconsidered the file and were of opinion that claimant should be granted a 5% award. The commissioner, in reply, while questioning the Commission's right to reconsider under the circumstances, indicated a willingness to cooperate in every particular. On January 14, 1929, the Commission certified its order to the commissioner "that compensation be paid in this claim for a period of thirty-two weeks, $468.16, beginning one week after the employee ceased work as a result of his injury. * * * And, further, that this payment be made on account of time lost by the claimant on account of the injury", etc. The commissioner complied promptly by issuance of check for $426.35, 2-6/7 weeks having theretofore been paid. An appeal was twice sought from the foregoing order, on the ground that the award was insufficient, but without success.

It appears that on June 21, 1935, the commissioner advised claimant (then claiming to be practically blind in both eyes), in reply to the latter's request to reopen, that, in view of the several refusals of appeals by this Court, he felt that he was without jurisdiction to consider the matter further. And in an order (July 23, 1935) certifying the claim to the present Workmen's Compensation Appeal Board for review, the commissioner stated that a reopening was denied on the ground that, with payments theretofore made, claimant had been amply compensated for any and all disability arising as a result of his injury.

The employer, in its attack on the action of the present Appeal Board, contends that the commissioner was, upon the record, foreclosed from reopening the claim, in view of the Commission's first ruling, and the subsequent denial by this Court of an appeal from such ruling; and, further, that the Commission, after the action of this Court, was without jurisdiction to reconsider the record and make the award of January 14, 1929.

The foregoing position is based on the assumption that the commissioner, subsequent to the initial award of $41.81, had, upon consideration of evidence submitted by

one of his inspectors, denied compensation on the ground that the injury to claimant's eye was not received in the course of and as a result of his employment. But the record is silent with reference to such alleged finding. Although we may assume that the commissioner made a ruling not entirely satisfactory to the claimant, else the latter would not have taken an appeal to the Commission, just what the ruling was, and upon what based, is left to mere conjecture. In the absence of an entry in the record, as contended for by the employer, the original finding, upon which the award of $41.81 was made, must stand. *Johnson* v. *Compensation Commissioner*, 109 W. Va. 316, 154 S. E. 766.

In view of the record before us, the employer's position falls; hence, the order of the Workmen's Compensation Appeal Board must be affirmed.

*Affirmed.*